UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEGAN C.,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C19-5617-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that evidence submitted to the Appeals Council undermines the decision of the administrative law judge ("ALJ"), and that the ALJ's decision also erroneously discounted a medical opinion and Plaintiff's testimony. (Dkt. # 18 at 1-2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1984, has a college degree and additional training in management and mediation and has worked as a customer service associate, maintenance dispatch

ORDER - 1

coordinator, recruiting assistant, and shipping associate. AR at 306. Plaintiff was gainfully employed up until a few weeks before the administrative hearing, when she was hospitalized for a staph infection. *Id.* at 37.

In May 2016, Plaintiff applied for benefits, alleging disability as of March 20, 2016. AR at 281-82, 284-89. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 210-18, 224-47. After the ALJ conducted a hearing on April 5, 2018 (*id*. at 85-134), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 30-42.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff's obesity, anxiety, mood disorder, depression, and status post motor vehicle accident with fracture and impingement are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform medium work that is low stress, "meaning that it consists of simple, routine tasks, and does not require more than occasional, superficial interaction with the general public or co-workers."

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 30-42.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

### IV. DISCUSSION

The record considered by the ALJ did not include any counseling notes for 2017 with Plaintiff's therapist, E.E. Stephens, Jr., Ph.D., although the record does include notes from 2016 and 2018. *See* AR at 484-91, 658-69, 788-96. The ALJ referred to this gap in therapy in 2017 at several points in his decision. First, in a factual section describing Plaintiff's course of treatment, the ALJ stated that Plaintiff "saw Dr. Stephens in 2016 and did not see him again until 2018." *Id*.

at 36. Next, the ALJ noted Plaintiff "had therapy with Dr. Stephens for six months and did not see him at all in 2017, which suggests that her conditions were not particularly bothersome." *Id*.

The ALJ also mentioned Plaintiff's purported gap in therapy when assessing the opinion of examining psychologist Curtis Greenfield, Psy.D.: the ALJ indicated that "within a few months (of Dr. Greenfield's examination), the claimant stopped treatment with Dr. Stephens, indicating the degree of limitation opined by Dr. Greenfield did not persist." AR at 38.

The ALJ went on to discuss Plaintiff's gap in treatment again later in the decision, when discussing evidence purportedly signed by Dr. Stephens in 2018:

> Dr. Stephens did not see claimant again for more than a year, just prior to her disability hearing and when the claimant became aware of [the] date of her disability hearing ([AR at 790]). When the claimant was asked why at the hearing, she had no idea. Cessation of treatment indicates that her conditions were not particularly bothersome. . . . The claimant['s] resumption of treatment could have been because of recent worsening or because of her upcoming disability hearing. These opinions are given little weight because they are inconsistent with the degree of limitation from conditions that [were] asserted to have persisted throughout [the] period at issue.

AR at 39.

Plaintiff submitted Dr. Stephen's notes for February-October 2017 therapy sessions (AR at 68-75) to the Appeals Council, which found that this evidence "does not show a reasonable probability that it would change the outcome of the decision." *Id*. at 2.

Plaintiff's opening brief argues that the 2017 therapy notes warrant a remand under sentence four and/or[3] sentence six. The Court finds that because the ALJ repeatedly referred to a purported gap in treatment in 2017 in the decision, as a reason to discount Plaintiff's allegations

---

[3] The Commissioner correctly notes that a claimant cannot obtain a remand under both sentence four and sentence six of 42 U.S.C. § 405(g). (Dkt. # 19 at 7.) Plaintiff contends that she argued in the alternative (dkt. # 20 at 1), but the use of "and/or" in the Opening Brief suggested that Plaintiff believed a remand under sentence four *and* sentence six was possible. The Reply Brief appears to clarify that Plaintiff argues that sentence four is the proper remand vehicle under the facts of this case. (Dkt. # 20 at 2.)

ORDER - 4

of disabling mental symptoms and opinions from Drs. Greenfield and Stephens, the existence of the 2017 therapy notes undermines those portions of the ALJ's decision. *See Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

With regard to Dr. Greenfield's opinion, the Court acknowledges that the ALJ did not rely solely on the gap in treatment when discounting the opinion: the ALJ also found that Dr. Greenfield's June 2016 opinion was undermined by Plaintiff's self-report to Dr. Greenfield "that she was not under the care of a physician, inconsistent with treatment notes from Dr. Stephens." AR at 38 (referencing *id*. at 773). But Dr. Stephens is not a physician, he is a psychologist, and Plaintiff saw chiropractors and massage therapists (also non-physicians) for her physical problems until November 2016. *See id*. at 632; 20 C.F.R. §§ 404.1502(a)(1)-(2), 416.902(a)(1)-(2) (listing physicians and psychologists as separate categories of medical sources). It is not clear from the context of Dr. Greenfield's notes if Plaintiff was referring to her lack of treatment with a physician for her mental or her physical conditions, but in neither case would the record support the ALJ's finding that Plaintiff's report to Dr. Greenfield was inaccurate. Accordingly, because both of the ALJ's reasons to discount Dr. Greenfield's opinion are invalid, the ALJ's decision lacks the support of substantial evidence on that point.

To the extent that the ALJ cited additional reasons beyond the gap in treatment to explain why he discounted other medical opinions and Plaintiff's testimony (as emphasized by the Commissioner), the Appeals Council evidence may not deprive the ALJ's decision of the support of substantial evidence in those respects, but because this case must be remanded based on the

ORDER - 5

error with regard to Dr. Greenfield's opinion, the ALJ will nonetheless have the opportunity to reconsider the entire decision in light of the updated record, including the 2017 MRI and Dr. Stephens' 2017 treatment notes.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should update the record and reconsider the assessment of Dr. Greenfield's opinion and any other part of the decision as necessary, in light of an updated record.

Dated this 24th day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge